IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01410-PSF-PAC

JOHN J. LUCERO,

       Applicant,

v.

JOE ORTIZ, Executive Director of DOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Respondents.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

O. Edward Schlatter, United States Magistrate Judge

       Applicant John Lucero, a state prisoner, seeks federal habeas corpus relief under 28 U.S.C. §2254.   This case was referred to former United States Magistrate Judge Patricia A. Coan on August 7, 2006 to issue a recommendation on disposition.   Upon Magistrate Judge Coan's retirement, I assumed her caseload temporarily.   Respondents filed their Answer to Order to Show Cause on August 24, 2006.   Applicant filed his Traverse on September 13, 2006.  Relevant portions of the state court record in *People v. Lucero*, Las Animas County District Court Criminal Action No. 96-CR-110 and 112, were filed on May 1, 2007.   The §2254 Application is ripe for disposition.

I.

       On July 11, 1996, Mr. Lucero shot at his wife four times with a .44 magnum revolver, then fired more shots at two police officers who came to arrest him.  (Transcript of May 10, 1999 Sentencing Hearing, at 11, 13; Respondents' Ex. B)

Applicant was charged with one count of attempted first degree murder and one crime of violence count for shooting his wife. (Respondents' Ex. B)  He was charged in a second case with two counts of attempted first degree murder for shooting at the police officers, two associated counts of crime of violence, and one count of possession of a weapon by a previous offender. (*Id.*)

On March 5, 1999, Applicant pleaded guilty in the case involving the police officers to one count of attempted first degree murder.  (Transcript of March 5, 1999 Providency Hearing, 27-30)  The plea agreement provided for a stipulated sentencing cap of thirty-five years in the Colorado Department of Corrections based on the parties' understanding that attempted first degree murder was a statutory crime of violence.  (*Id.* at 3-4)  The prosecution dismissed the other charges in both cases in exchange for Applicant's guilty plea.  (*Id.* at 10)

Applicant directly appealed his sentence, arguing that the trial court abused its discretion in failing to consider mitigating factors in imposing a thirty-five year sentence. (Respondents' Ex. A) The Colorado Court of Appeals affirmed the trial court's decision. (Respondents' Ex. D) The Colorado Supreme Court denied Applicant's request for certiorari review.   (Respondents' Ex. F)

Applicant then filed motions for post conviction relief in the state trial court under Colo.R.Crim.P. 35.  (Respondents' Exs. H, I)   The trial court granted Applicant's motion for sentence reconsideration and reduced his sentence from thirty-five to thirty years. (Respondents' Ex. K)  The court otherwise denied Applicant's requests for post conviction relief.  (Respondents' Ex. P)  The Colorado Court of Appeals affirmed the trial court's

2

order.  (Respondents' Ex. U) The Colorado Supreme Court denied certiorari review on June 19, 2006.  (Respondents' Ex. W)

Applicant filed his §2254 Application on July 19, 2006, claiming that his sentence in the "aggravated range" for committing a statutory "crime of violence" violates his Fifth, Sixth and Fourteenth Amendment rights.   (Application, at 5)  Applicant asserts the trial court, the prosecutor, and his defense counsel misrepresented the law to him during his state plea proceeding.  (*Id.*)  Applicant maintains that the maximum sentence authorized by Colorado law for attempted first degree murder, absent a finding of aggravating factors, is twenty-four years.  (*Id.* at 5a)

II.

Respondents concede, and the court agrees, that Mr. Lucero's §2254 Application was timely filed within the one year limitation period established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"),  Pub. L. 104-132, 110 Stat. 1218 (effective April 24, 1996).

Respondents argue, however, that the Application should be dismissed for Mr. Lucero's failure to state facts to show that a violation of his federal rights has occurred.[1] *See Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005)(discussing standard for summary dismissal under Section 2254 Rule 4).  Applicant clarified in his Traverse that he is asserting a single claim for relief: that his aggravated range sentence violates his Fifth

---

[1]Respondents also cite relevant case law on exhaustion of state remedies, but Respondents do not argue that Applicant failed to exhaust his state remedies as to any particular claim.

3

and Sixth Amendment rights,[2] under *Apprendi v. New Jersey*, 530 U.S. 466 (2000),

because the trial court imposed the sentence based on a factor that was not submitted to

a jury and proven beyond a reasonable doubt.

I liberally construe the §2254 Application and Traverse together because Applicant

is proceeding *pro se.   See Haines v. Kerner,* 404 U.S. 519, 520 (1972).   I find that

Applicant has asserted a claim that his sentence violates his constitutional rights, as set

forth in *Apprendi.*  I further find that Applicant exhausted his claim in a full round of state

post conviction proceedings before seeking federal habeas corpus relief, as required by

28 U.S.C. §2254(b)(1)(A).   Accordingly, I address the merits of Applicant's claim below.

III.

Under the AEDPA, federal habeas relief will not be granted on a constitutional claim

adjudicated on the merits in the state courts unless the state court decision was "contrary

to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," or was "based on an

unreasonable determination of the facts in light of the evidence presented."  28 U.S.C.

§2254(d)(1) and (2).   In *Williams v. Taylor*, 529 U.S. 362, 405-06  (2000), the Supreme

Court held that a state court decision is "contrary to" Supreme Court precedent only when

it "arrives at a conclusion opposite to that reached by this Court on a question of law," or

if the state court "decides a case differently than this Court has on a set of materially

indistinguishable facts."  The state court decision need not cite Supreme Court cases, as

---

[2]The Fifth and Sixth Amendments to the United States Constitution are applicable to the States through the Fourteenth Amendment.

long as neither the reasoning nor the result of the state court determination contradicts Supreme Court law. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 407-08. An application is not unreasonable merely because the habeas court determines it to be incorrect. *Id.* at 411. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

The federal habeas court presumes that the state courts' determination of factual issues is correct. 28 U.S.C. §2254(e)(1); *Smallwood v. Gibson*, 191 F.3d 1257, 1265 (10th Cir. 1999). The Applicant bears the burden to rebut the presumption with clear and convincing evidence. *Id.*

Applicant claims that his sentence in the aggravated range violates his constitutional rights as set forth in *Apprendi v. New Jersey* because the factor relied on by the trial court to enhance his sentence - that he committed a crime of violence – was not submitted to and found by the jury.

Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a

jury, and proved beyond a reasonable doubt." 530 U.S. at 490.[3]

Applicant pleaded guilty to one count of attempted first degree murder, a class two felony. COLO.REV.STAT. ("C.R.S.") §18-2-101(4).   The presumptive range of sentencing for a class two felony is eight to twenty-four years.  §18-1.3-401(1)(a)(V)(A), C.R.S.[4]

A criminal defendant may be sentenced beyond the presumptive range under specified circumstances.   If the defendant is convicted of a crime of violence, as defined in §18-1.3-406, the trial court is required to impose a prison sentence of at least midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range.   §18-1.3-401(8)(a)(I), C.R.S.   The trial court may also impose an increased sentence, not to exceed twice the maximum authorized by the presumptive range, when the court, in its discretion, concludes that extraordinary aggravating circumstances are present (based on evidence in the record of the sentencing hearing and the presentence report).  §18-1.3-401(6), C.R.S.

The Las Animas County District Court sentenced Applicant to thirty-five years based, in part, on its belief that attempted first-degree murder was a statutory crime of

---

[3]Applicant also relies on *Blakely v. Washington*, 542 U.S. 296 (2004) in support of his claim.  In *Blakely*, the Supreme Court clarified that "the `statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 542 U.S. at 303.   *Blakely* was decided after Applicant's conviction became final and is therefore inapposite. The Tenth Circuit has held expressly that *Blakely* does not apply retroactively to convictions that were final at the time *Blakely* was decided.  *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005).  Accordingly, in this habeas corpus proceeding, I consider only whether Applicant's sentence was contrary to, or involved a reasonably application of, *Apprendi.*

[4]At the time of Applicant's offense, the relevant sentencing provisions of the Colorado Criminal Code were subsections of §18-1-105, C.R.S. or §16-11-309, C.R.S.  Effective October 1, 2002, §18-1-105 was recodified at §18-1.3-401 and §16-11-309 was recodified at §18-1.3-406.  No substantive changes were made. The current versions of the statutes are cited for ease of reference.

6

violence under §18-1.3-406.[5]   In addition, the trial court found that the following aggravating factors supported imposition of a thirty-five year sentence: the offense to which Applicant pleaded guilty was committed against police officers who were carrying out their duties in attempting to apprehend the Applicant who had recently attempted to murder his wife; all of the charged offenses (including the dismissed counts) involved Applicant's use of firearms; and, Applicant had failed to reform his conduct after sustaining a prior felony conviction which involved shooting an individual in the neck.  (Transcript of Sentencing Hearing, at 11, 33-34)

In the state post conviction proceeding, the Colorado Court of Appeals determined that even if Applicant's offense was not a *per se* crime of violence requiring an aggravated sentence, the trial court had discretion to impose a sentence of up to forty-eight years based on a finding of extraordinary aggravating circumstances under §18-1.3.401(6), C.R.S.  (Respondents' Ex. U, *People v. Lucero*, Court of Appeals No. 04CA1450 (January 26, 2006)(Unpublished Opinion)).  Following *Lopez v. People*, 113 P.3d 713, 731 (Colo. 2005), the Colorado Court of Appeals then held that Applicant's aggravated range sentence did not violate *Apprendi* because one of the factors the trial court relied on in imposing the increased sentence was the undisputed fact of Applicant's prior conviction.

---

[5]Section 18-1.3-406(2)(a)(I) defines "Crime of Violence" as, *inter alia*, an attempt to commit any of the crimes enumerated in subparagraph (II) (which include"Murder"), through use of a deadly weapon.

While Applicant's direct appeal was pending, the Colorado Court of Appeals held that attempted first degree murder was not a statutory crime of violence because the first degree murder statute does not mandate an aggravated range sentence for that offense. *People v. Walker*, 987 P.2d 836, 844 (Colo.App. 1998), *cert den.*  First degree murder is a class one felony with a presumptive minimum sentence of life in prison without possibility of parole, and a maximum sentence of death.  *Id.* Accordingly, without a guilty verdict on a separate crime of violence count, or a finding of statutory aggravating factors under [§18-1.3-401(8)], the imposition of an aggravated range sentence for attempted first degree murder is unlawful. *Id.*

(*Id.*)  Under *Lopez*, Applicant's prior conviction was sufficient to support the aggravated sentence "even if the trial court also relied on other constitutionally impermissible factors." (*Id.*)

Applicant's prior state court felony conviction is a factual finding that it is presumed correct in this federal habeas proceeding, absent clear and convincing evidence to the contrary.  28 U.S.C. §2254(d).  Applicant does not dispute the prior conviction.  Indeed, Applicant's counsel told the court at the sentencing hearing that the factual information contained in the presentence investigation report was correct.  (Sentencing Hearing Transcript, at 18)

I recommend finding that the Colorado Court of Appeals' decision, relying on *Lopez v. People*, to hold that Applicant's prior conviction was sufficient, by itself, to support his sentence beyond the maximum twenty-four years authorized in the presumptive range was not contrary to, or an unreasonable application of, *Apprendi*.   Applicant has not cited any federal case law to the demonstrate otherwise.

Moreover, in *Allen v. Reed*, 427 U.S. 767, 775 (10th Cir. 2005), the Tenth Circuit recognized that "[i]t was not until the decision in *Blakely* that the Supreme Court clarified the meaning of statutory maximum for *Apprendi* purposes. . . Prior to the issuance of *Blakely*, the federal circuits unanimously believed that the `statutory maximum' was the greatest sentence permitted by the *statute of conviction*, irrespective of what fact-finding the court conducted to impose that sentence" (citing *Price*, 400 F.3d at 847 (collecting cases)).

8

IV.

For the reasons set forth above, it is

**RECOMMENDED** that John Lucero's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, filed July 19, 2006, be **DENIED**.  It is

**FURTHER RECOMMENDED** that the §2254 Application be **DISMISSED WITH PREJUDICE.**

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated May 10, 2007.

BY THE COURT:

s/ O. Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge

9