IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01410-PSF-KLM

JOHN J. LUCERO,

    Applicant,

v.

JOE ORTIZ, Executive Director DOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
DATED MAY 10, 2007**

---

This matter is before the Court on the May 10, 2007 Recommendation of United States Magistrate Judge (Dkt. # 18) that applicant's petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied. Applicant John Lucero timely filed Objections to the Recommendation on May 23, 2007 (Dkt. # 19). Defendants did not file a response to the objections. The Court reviews *de novo* those portions of the Recommendation "to which specific written objection has been made." F.R.Civ.P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

**I.    BACKGROUND**

On July 11, 1996, Lucero shot at his wife four times with a .44 magnum revolver, then fired more shots at two police officers who came to arrest him. Sentencing Hrg. Transcript at 2, 11, 13. He was charged with one count of attempted first degree murder and one count of crime of violence for shooting his wife. In a separate case,

he was charged with two counts of attempted first degree murder and two associated crime of violence counts for shooting at the police officers, as well as one count of possession of a weapon by a previous offender.  *See* Providency Hrg. Transcript at 8.

On March 5, 1999, Lucero pled guilty in the case involving the police officers to one count of attempted first degree murder.  *Id.* at 27–30.  Although the remaining counts in both cases, including the crime of violence counts, were dismissed, the plea agreement provided that the crime to which Lucero pled guilty "is a statutory crime of violence under C.R.S. § 16-11-309."[1]  *Id.* at 3.  The plea agreement also provided for a stipulated sentencing cap of 35 years in the Colorado Department of Corrections ("DOC").

On May 10, 1999, the trial court sentenced Lucero to a term of 35 years in the DOC.  Sentencing Hrg. Transcript at 34.  In imposing that sentence, the trial court took into consideration: "the nature and circumstances" of the offense to which Lucero pled guilty, which included the use of a firearm against peace officers; the nature of the offenses that were dismissed as a result of the plea agreement; "the background of the defendant and his prior record"; and Lucero's failure to take advantage of the opportunity to reform his conduct after his prior felony convictions.  *Id.* at 33–34.  Lucero appealed, arguing the trial court failed to consider mitigating factors in imposing the maximum sentence.  Respondents' Ex. A.  The Colorado Court of Appeals affirmed

---

[1] As noted by the Magistrate Judge, the relevant sentencing provisions at the time of Lucero's sentencing have been recodified without substantive change.  The sentencing statute referred to in the plea agreement governing violent crimes is now codified at C.R.S. § 18-1.3-406, and the Court hereinafter cites the current versions of the statutes.

the sentence, Resp. Ex. D, and the Colorado Supreme Court denied certiorari review on January 13, 2003.  Resp. Ex. F.

Lucero subsequently filed motions for post-conviction relief in the state trial court under C.R.Cr.P. 35.  Resp. Exs. H, I.  The trial court reduced Lucero's sentence from 35 to 30 years, Resp. Ex. K, but otherwise denied his requests for post-conviction relief.  Resp. Ex. P.  The Colorado Court of Appeals affirmed, Resp. Ex. U, and the Colorado Supreme Court denied certiorari review.  Resp. Ex. W.

Lucero filed his § 2254 Application in this Court on July 19, 2006.  He claims that his sentence in the "aggravated range" violates his Fifth and Sixth Amendment rights as applied to the states through the Fourteenth Amendment under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because (1) attempted first degree murder is not a crime of violence and thus does not justify an aggravated sentence, and (2) the state trial court imposed the aggravated sentence based on factors that were not submitted to a jury or proven beyond a reasonable doubt.

## II.  THE MAGISTRATE JUDGE'S RECOMMENDATION AND LUCERO'S OBJECTIONS

The Magistrate Judge recommended denying Lucero's petition because the facts did not demonstrate his constitutional rights had been violated.  The Magistrate Judge recognized that the "presumptive range" of sentencing for Lucero's class 2 felony offense of attempted first degree murder was eight to 24 years.  Rec. at 6 (citing C.R.S. § 18-1.3-401(1)(a)(V)(A)).  In addition, although a trial court is required to impose a prison sentence of at least midpoint in the presumptive range (here, 16 years) but not

more than twice the maximum term authorized in the presumptive range (48 years) if the defendant is convicted of a statutory crime of violence, C.R.S. § 18-1.3-401(8)(a)(I), the Magistrate Judge recognized that attempted first degree murder is not a *per se* statutory crime of violence subject to the above-cited provision. *Id.* at 7 n.5 (citing *People v. Webster*, 987 P.2d 836, 843 (Colo. App. 1998)). However, the Magistrate Judge noted that, regardless of whether a crime of violence is involved, pursuant to C.R.S. § 18-1.3-401(6) a trial court "may also impose an increased sentence, not to exceed twice the maximum authorized by the presumptive range, when the court, in its discretion, concludes that extraordinary aggravating circumstances are present (based on evidence in the record of the sentencing hearing and the presentence report)." *Id.* at 6.

The Magistrate Judge then evaluated whether the trial court's imposition of an aggravated sentence based on findings of "extraordinary aggravating circumstances" complied with *Apprendi*, in which the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490. The Magistrate Judge concurred with the reasoning of the Colorado Court of Appeals, which had applied *Lopez v. People*, 113 P.3d 713 (Colo.), *cert. denied*, 546 U.S. 1017 (2005), in affirming the denial of Lucero's post-conviction motions. Rec. at 7–8. In *Lopez*, the Colorado Supreme Court held that a trial court's reliance on a prior conviction is sufficient to support an aggravated sentence "even if the trial court also relied on other constitutionally impermissible factors." 113 P.3d at

731. The Magistrate Judge concluded the court of appeals' holding—that Lucero's aggravated range sentence did not violate *Apprendi* because one of the factors the trial court relied on in imposing the sentence was the undisputed fact of his prior conviction—was not contrary to, or an unreasonable application of, *Apprendi*. Rec. at 7–8.

The Magistrate Judge also rejected Lucero's reliance on *Blakely v. Washington*, in which the Supreme Court clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. 296, 303 (2004) (emphasis in original). The Magistrate Judge held that *Blakely* does not apply retroactively to convictions like Lucero's that were final at the time it was decided and thus did not consider *Blakely* in evaluating Lucero's Application. Rec. at 6 n.3 (citing *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005)).

Lucero makes three principal objections to the Recommendation. First, he asserts that, at the time he was sentenced, the trial court "misrepresent[ed] the law" to him by asserting that attempted first degree murder was a crime of violence, thereby "imposing a[n] illegal and unconstitutional sentence." Obj. at 1–2. He claims the Magistrate Judge "ignore[d]" such "facts." *Id.* at 2. Second, Lucero complains that the Magistrate Judge erred in refusing to apply *Blakely* retroactively while simultaneously relying on *Lopez,* an opinion that was also issued after Lucero's sentence was final. Third, Lucero asserts that a sentence of 16 to 24 years would "harmonize" the

sentencing statutes, as it falls within the presumptive range but also qualifies as an aggravated sentence under Colorado law.  *Id.* at 4.

### III.   ANALYSIS

#### A.   Applicable Law on Review of Habeas Petition

As the Magistrate Judge correctly found, an applicant is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  As the Colorado Supreme Court denied *certiorari* on Lucero's appeal, the decision of the Colorado Court of Appeals affirming the denial of Lucero's post-conviction motions (Resp. Ex. U) is the final substantive decision in the state appellate process which this Court considers.

#### B.   Crime of Violence

Lucero first complains that his plea and sentence were invalid because the crime to which he pled guilty was not a crime of violence as was represented to him by both the lawyers and the sentencing judge.  The Colorado Court of Appeals rejected this argument, concluding that "the written plea agreement and the colloquy at the providency hearing show that [Lucero] expressly stipulated to crime of violence sentencing."  Resp. Ex. U at 4.

Colorado law governing sentencing for crimes of violence provides in pertinent part that a person convicted of certain enumerated crimes is subject to a mandatory

6

aggravated sentence—of at least midpoint in, but not more than twice the maximum of, the presumptive range—if in the course of attempting to commit the crime the person "[u]sed, or possessed and threatened the use of, a deadly weapon."  C.R.S. § 18-1.3-406(2)(a)(I)(A), (II)(B).  Unless a defendant is convicted of an offense for which the court is specifically directed to sentence the defendant in accordance with the violent crime statute—*i.e.*, a *per se* crime of violence—the defendant must "be charged [with] and convicted of a separate count of crime of violence to be sentenced in the aggravated range."  *Webster*, 987 P.2d at 844; C.R.S. § 18-1.3-406(3), (4).  The parties agree that attempted first degree murder is not a *per se* crime of violence.  *Webster*, 987 P.2d at 844.  Thus, as noted above, Lucero was charged with a separate count of crime of violence in conjunction with the charge of attempted first degree murder to which he pled guilty.  Although the crime of violence count was dismissed, the plea agreement nevertheless provided that "this particular Attempted First Degree is a statutory crime of violence; therefore, the possible punishment as outlined in paragraph 2 is eight years to possibly 48 years," though the parties stipulated to a cap of 35 years.  Providency Hrg. Transcript at 3–4.

The record evidence supports the court of appeals' conclusion that Lucero "stipulated to crime of violence sentencing."  Even assuming the trial court committed error under *state* law in accepting the agreement without requiring an additional guilty plea on the crime of violence count, it is unclear how such error would rise to the level of a federal constitutional violation, as would be required for the Court to grant habeas relief.  Moreover, Lucero's stipulation to crime of violence sentencing was not the only

7

authority under which the trial judge exercised his discretion to impose an aggravated sentence. As discussed by the Colorado Court of Appeals and the Magistrate Judge, the trial court had discretion to impose a sentence of up to 48 years based on a finding of extraordinary aggravating circumstances. Rec. at 6; Resp. Ex. U at 3 (both citing C.R.S. § 18-1.3-401(6)). Indeed, the trial court expressly referred to "extraordinary aggravating circumstances" as a basis for the 48-year cap absent the agreement to reduce the cap to 35 years:

> THE COURT: All right, gentlem[e]n, a couple of things here, paragraph 2 of the plea agreement, it states the Class 2 Felony is punishable by a term of imprisonment of eight years to 48 years, followed by a mandatory parole period of five years.
>
> Now, the 48 years is the cap if there are extraordinary aggravating circumstances, am I correct?
>
> MR. DAVIS [District Attorney]: Actually, crime of violence, extraordinary aggravating circumstances, yes.

Providency Hrg. Transcript at 4–5.

As discussed above, the Magistrate Judge took into account several considerations in imposing an aggravated sentence, including Lucero's undisputed prior conviction. *See supra* at 2. Because "the fact of a prior conviction" need not be submitted to and found by a jury under *Apprendi*, and because Lucero's undisputed prior conviction was one of the factors the trial court relied on in imposing the aggravated sentence, the sentence did not violate *Apprendi*. *Lopez*, 113 P.3d at 731.

### C.     Application of *Blakely* and *Lopez*

Lucero next complains of the Magistrate Judge's holding that *Blakely* does not apply retroactively to Lucero's conviction. However, the Tenth Circuit has expressly held that *Blakely* sets forth a new procedural rule that does not apply retroactively to convictions that were final at the time it was decided. *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). Lucero also complains about the Magistrate Judge's "retroactive" application of *Lopez*, which was not decided until after Lucero's conviction became final. *Lopez*, however, simply sets forth applicable legal standards for appellate courts reviewing sentencing determinations to evaluate whether they comply with *Apprendi* and *Blakely*. 113 P.3d at 731 (aggravated sentence does not violate *Apprendi* if undisputed fact of defendant's prior convictions was one of the factors trial court relied upon). It was issued before the Colorado Court of Appeals affirmed the denial of post-conviction relief in this case, and the court of appeals' reliance on Colorado Supreme Court precedent in upholding Lucero's sentence was not unreasonable. In addition, in applying *Lopez* the Colorado Court of Appeals assumed without deciding that both *Apprendi* and *Blakely* applied to Lucero's sentence, but still concluded he was not entitled to relief. Resp. Ex. U at 2.

Moreover, the Magistrate Judge alternatively and correctly concluded that, because *Blakely* does not apply, the state court decision was not an unreasonable application of *Apprendi* even without considering *Lopez*. As noted above, under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and

9

proved beyond a reasonable doubt." 530 U.S. at 490. And in *Blakely*, the Supreme Court clarified that the term "statutory maximum" as used in *Apprendi* is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303 (emphasis omitted). The Tenth Circuit has held that "[p]rior to the issuance of *Blakely*, the federal circuits unanimously believed that the 'statutory maximum' was the greatest sentence permitted by *the statute of conviction*, irrespective of what fact-finding the court conducted to impose that sentence." *Allen v. Reed*, 427 F.3d 767, 775 (10th Cir. 2005) (emphasis in original) (citing *Price*, 400 F.3d at 847 (citing cases)). Thus, under *Allen*, sentencing courts in Colorado post-*Apprendi* and pre-*Blakely*, like the trial court in this case, could constitutionally make findings resulting in a sentence beyond the presumptive range "so long as the sentence ultimately imposed was within the maximum range of the statute of conviction." *Id.* (citation omitted). Because Lucero's sentence was within the maximum range of the statute of conviction, *i.e.* the maximum range after a finding of aggravating circumstances, the Colorado Court of Appeals' holding that Lucero's sentence was lawful was not contrary to, or an unreasonable application of, *Apprendi*.

### D. Harmonizing Sentencing Provisions

Lucero's third objection, while not entirely clear, seems to be based on the argument that a sentence of between 16 and 24 years would fall within the presumptive range for class 2 felonies under C.R.S. § 18-1.3-401(1)(a)(V)(A), but would also qualify as an aggravated sentence because the minimum sentence that may be imposed upon a finding of extraordinary aggravating circumstances under C.R.S. § 18-1.3-401(6) is

one-half the presumptive minimum term.  Thus, Lucero contends, the imposition of such a sentence would "harmonize" the applicable sentencing provisions.  Obj. at 4 (citing *People v. Apodaca*, 58 P.3d 1126, 1129–30 (Colo. App. 2002) (noting that statutes governing the same subject should be reconciled if possible)).

Lucero's objection is misplaced.  The statutes governing his sentence need not be "harmonized," as both clearly and consistently apply to a sentence for a class 2 felony when aggravating circumstances are found.  It is true that a sentence of 16 to 24 years falls within both the presumptive and aggravated range; however, that fact simply does not affect the Court's determination that the aggravated sentence actually imposed complies with *Apprendi* and that habeas relief thus is not warranted in this case.

## IV.   CONCLUSION

For the foregoing reasons, the Colorado Court of Appeals' holding that Lucero's prior conviction was sufficient to support his aggravated sentence was not contrary to, or an unreasonable application of, *Apprendi*.  Lucero's Objection to the Magistrate Judge's Recommendation (Dkt. # 19) is OVERRULED, the Recommendation (Dkt. # 18) is ACCEPTED, Lucero's application for a writ of habeas corpus (Dkt. # 2) is DENIED, and this action is DISMISSED WITH PREJUDICE.

DATED:  October 16, 2007

BY THE COURT:

*s/ Phillip S. Figa*

Phillip S. Figa
United States District Judge